UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. CR14-154-JCC |
| Plaintiff, | ) |
| | ) |
| v. | ) DETENTION ORDER |
| | ) |
| ABDUL MASIH QAYUMI, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>Offense charged</u>:     Conspiracy to Traffic In Counterfeit Goods; Trafficking in Counterfeit Goods; Smuggling Goods into the United States

<u>Date of Detention Hearing</u>:   June 20, 2014.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

///

DETENTION ORDER
PAGE -1

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. Defendant is a Canadian citizen residing in British Columbia. He, together with his brother, is accused of selling over the internet counterfeit airbags purportedly manufactured by Honda, BMW, and Toyota, falsely representing the airbags as genuine to potential buyers. The indictment alleges that the counterfeit airbags were obtained from China and mailed from Canada to the United States or, some instances, directly from China to customers in the United States. At hearing, the government proffered evidence to argue that the counterfeit airbags did not function properly and, in some instances, could cause serious injury to the driver or passenger when inflated during a collision. As indicated, the alleged criminal activity occurred via the computer over the internet, as well as by mail.

2. If released to live in Canada, the defendant could be required to comply with conditions of supervision by checking in with a counterpart agency in Canada. However, no home visits would be conducted nor would the defendant's computer use or internet access be capable of monitoring by Pretrial Services.

3. The defendant poses a risk of nonappearance due to Canadian citizenship and familial ties to foreign countries, as well as an immigration detainer. He poses a risk of danger to the community due to the nature of the instant offense.

4. While there might be conditions of release that could reasonably assure the defendant's appearance at future Court hearings, it appears there is no condition or combination of conditions that would reasonably assure the safety of the community.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney

DETENTION ORDER
PAGE -2

General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Pretrial Services Officer.

DATED this 20th day of June, 2014.

/s/ Mary Alice Theiler
Mary Alice Theiler
Chief United States Magistrate Judge

DETENTION ORDER
PAGE -3